UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY JENNINGS, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>FRESENIUS USA INC., et al.,<br><br>        Defendants. | Case No.   13-cv-03795-WHO<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO CHANGE TIME OF OCTOBER 2, 2013 HEARING, AND STAY THE CASE, PENDING JPML'S DECISION REGARDING TRANSFER OF THIS CASE** |

## INTRODUCTION

On September 20, 2013, the defendants filed a motion to continue the hearing on the plaintiffs' pending motion to remand, currently set for October 2, 2013 and to stay the case. Dkt. No. 18. For the reasons stated below, the defendants' motion is GRANTED.

## BACKGROUND

The plaintiffs, Kelly Jennings, as an individual, and Olga Roberts, on behalf of the estate of Lynn Roberts, allege that the defendants intentionally, recklessly, and/or negligently concealed, suppressed, omitted, and misrepresented the risks and defects of two products used during kidney dialysis, Granuflo® Dry Acid Concentrate ("Granuflo") and NaturaLyte® Liquid Acid Concentrate ("NaturaLyte"). Dkt. No. 2-1 at 3-42 ("Compl.") ¶ 23. Lynn Robert's use of these products allegedly resulted in severe and permanent bodily injury, pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, and ultimately his death. Compl. ¶¶ 50, 61.

The plaintiffs filed this lawsuit in California State Court in Contra Costa County on July 16, 2013. Along with 100 Doe defendants, the plaintiffs named six corporate defendants: (1) Fresenius USA, Inc., (2) Fresenius USA Manufacturing, Inc. ("FUSA"), (3) Fresenius Medical

Care Holdings, Inc., (4) Fresenius Medical Care North America, Inc., (5) Fresenius USA Marketing, Inc., (collectively, "Fresenius"), and (6) DaVita, Inc. The plaintiffs named Walter L. Weisman, allegedly a member of the "Supervisory Board for Fresenius Medical Care in Los Angeles, California," as an individual defendant. Compl. ¶ 13.

Fresenius removed the case to federal court under diversity jurisdiction on August 15, 2013. In their Notice of Removal, Fresenius stated that all corporate defendants are citizens of either New York, Massachusetts, or Delaware. Dkt. No. 1 ¶¶ 14-18. The defendants concede that Weisman is a citizen of California, but assert that he is fraudulently joined and his citizenship should not be considered for diversity jurisdiction. *Id.* ¶¶ 20-27. The plaintiffs assert that Weisman has been properly joined and that FUSA has its principal place of business in California. Compl. ¶ 7. The plaintiffs filed a motion to remand on August 21, 2013, set to be heard before the Court on October 2, 2013.

This case is one of many similar cases against the defendants for alleged injuries related to the use of Granuflo and NaturaLyte. Dkt. No. 1 ¶ 1. A Judicial Panel on Multidistrict Litigation (JPML) created a multidistrict-litigation (MDL) proceeding for these cases on March 29, 2013. *In Re: Fresenius Granuflo/Naturalyte Dialysate Prods. Liab. Litig.*, No. 13-md-02428-DPW (D. Mass.) ("Fresenius MDL Proceeding"), Dkt. No. 1 ¶ 1. On August 27, 2013, this case was conditionally transferred to the MDL. The plaintiffs opposed the conditional transfer on August 30, 2013. Fresenius MDL Proceeding, Dkt. No. 305. Fresenius requests that the Court vacate the hearing on the motion to remand and stay the case, pending the JPML's ruling on the conditional transfer to the MDL. Dkt. No. 18 at 2.

## LEGAL STANDARD

The JPML has the authority to transfer "civil actions involving one or more common questions of fact [which] are pending in different districts . . . to any district for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). A conditional transfer order pursuant to 28 U.S.C. Section 1407 "does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court." *Couture v. Hoffman-La Roche, Inc.*, 12-cv-2657 PJH, 2012 WL 3042994, at *1 (N.D. Cal. July 25, 2012)

2

(quoting J.P.M.L. R. 2.1(d)). Consequently, a court may stay proceedings while a conditional transfer order is pending before a JPML, or may consider a motion to remand. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).

When considering whether to stay proceedings pending an MDL transfer, courts may consider "(1) potential prejudice to the non-moving party, (2) hardship and inequity to the moving party if the action is not stayed, and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Couture*, 2012 WL 3042994, at *2 (internal quotation marks and citations omitted). In addition, "deference to the MDL court for resolution of a motion to remand often provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system." *J.W. v. Pfizer, Inc.*, 13-cv-00318-YGR, 2013 WL 1402962, at *2 (N.D. Cal. Apr. 5, 2013) (quoting *Couture*, 2012 WL 3042994). If other cases pending before the JPML raise similar issues, it "weighs strongly in favor of staying the proceedings." *Id*. at *3.

## DISCUSSION

Continuing the hearing on plaintiffs' motion to remand and staying the case until the JPML rules on the motion to transfer is in the interest of judicial efficiency and consistency. The hundreds of similar cases against the defendants, many of which will be heard by the JPML, present similar issues of law and fact. Having the cases heard by one panel prevents many federal judges from having to expend the resources to research and rule on similar issues, and ensures that those judges do not produce conflicting orders.

For these reasons, the Central District of California recently vacated a hearing on a motion to remand and stayed the action pending the JPML's ruling on conditional transfer in a case with similar allegations against the same defendants. *See Nunez v. Fresenius USA Inc., et al.*, Case No. 13-cv-02729 JGB (OPx). The plaintiffs seem to argue that the diversity issue in *Nunez* is different from the current case because in *Nunez* only one of several plaintiffs and one of several defendants is a citizen of California (*see Nunez*, Dkt. No. 1 ¶¶ 10, 22), while all of the plaintiffs and two defendants are allegedly citizens of California in this case. Compl. ¶¶ 4, 5; Dkt. No. 6 at 3; Dkt. No. 19 at 5. This distinction does not warrant a different result from *Nunez*. As noted, allowing

the JPML to address the transfer motion and, if transferred, allowing the MDL court to address the diversity issue in this and all the related cases promotes efficiency.

Moreover, Weisman, a California citizen, is named as a defendant in both this and the *Nunez* actions. In both actions the plaintiffs argue that he breaks diversity, requiring the federal court to remand the actions to state court, while the defendants argue that he has been fraudulently joined. Dkt. No. 1 at 2; *Nunez* Dkt. No. 1 at 2. Allowing the MDL court to resolve this jurisdictional issue, if both cases are ultimately transferred there, supports judicial efficiency because that court would need only to determine the issue once. It does not, as the plaintiffs suggest, "improperly suggest to the JPML that this Court is deferring to it on jurisdiction." Dkt. No. 15 ("Opp.") at 1.

Plaintiffs cite the Manual for Complex Litigation, § 20.131 for the proposition that "matters such as motions to dismiss or to remand, raising issues unique to the particular case, may be particularly appropriate for resolution before the Panel acts on the motion to transfer." Opp. at 2 (quoting Manual for Complex Litigation (4th ed.), § 20.131 (West. 2004)). That proposition does not apply here. The diversity jurisdiction issue is not unique to this particular case because Weisman is central to federal jurisdiction in both this case and *Nunez*, and likely other cases conditionally transferred to the MDL. This District routinely stays proceedings pending possible transfers to an MDL before considering motions to remand. *See, e.g.*, *Jones v. Bristol-Myers Squibb Co.*, 13-cv-2415 PJH, 2013 WL 3388659 (N.D. Cal. July 8, 2013); *Addison v. Bristol-Myers Squibb Co.*, 13-cv-02166 WHA, 2013 WL 3187859 (N.D. Cal. June 21, 2013); *Pfizer*, 2013 WL 1402962; *Couture*, 2012 WL 3042994.

Plaintiffs also note that courts often resolve subject-matter jurisdiction in the beginning of a case in the interest of "both expedition and sensitivity to the state courts' coequal stature." Opp. at 2 (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 587-88 (1999)). Having the JPML, as opposed to this Court, resolve the subject matter jurisdiction issues is not inconsistent with those goals. If the case is transferred to the MDL, that court may resolve the jurisdictional issues when it deems most prudent.

Finally, allowing the JPML to determine if the case will be transferred before the Court

1 rules on the motion to remand will not prejudice the plaintiffs. If this case is transferred, the

2 JPML will resolve any jurisdictional issues. If it is not transferred, this Court will consider them.

## CONCLUSION

For the reasons stated, the Court GRANTS the defendants' motion. The matter is stayed and the hearing on the plaintiffs' motion to remand, scheduled for October 2, 2013 (Dkt. No. 13), is vacated pending the JPML's decision on the conditional transfer. The defendants shall advise the Court within seven days of the JPML's decision.

**IT IS SO ORDERED**.

Dated: Qevqdgt"4."4235



WILLIAM H. ORRICK
United States District Judge

United States District Court
Northern District of California