# UNITED STATES JUDICIAL PANEL
## on
# MULTIDISTRICT LITIGATION

**IN RE: FRESENIUS GRANUFLO/NATURALYTE**
**DIALYSATE PRODUCTS LIABILITY LITIGATION**

| | | |
|---|---|---|
| Yvonne H. Tate v. Fresenius USA Inc., et al., | ) | |
|    C.D. California, C.A. No. 2:13-05271 | ) | MDL No. 2428 |
| Kelly Jennings, et al. v. Fresenius USA Inc., et al., | ) | |
|    N.D. California, C.A. No. 3:13-03795 | ) | |

## TRANSFER ORDER

**Before the Panel:** Pursuant to Panel Rule 7.1, plaintiffs in a Central District of California action (*Tate*) and a Northern District of California action (*Jennings*) move to vacate our orders that conditionally transferred those actions to MDL No. 2428. All responding defendants (hereafter, Fresenius)[1] oppose the motions.

After considering all argument of counsel, we find that these actions involve common questions of fact with the actions previously transferred to MDL No. 2428, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order centralizing this litigation, we held that the District of Massachusetts was an appropriate Section 1407 forum for actions sharing factual questions arising out of allegations that plaintiffs suffered injury or death caused by the use of GranuFlo Acid Concentrate (GranuFlo) or NaturaLyte Liquid Acid Concentrate (NaturaLyte) during hemodialysis, which allegedly may cause metabolic alkalosis in patients resulting in low blood pressure, hypokalemia, hypoxemia, hypercapnia, cardiac arrhythmia, or cardiopulmonary arrest. Both *Tate* and *Jennings* involve virtually identical allegations that plaintiffs or their decedents suffered metabolic alkalosis as a result of the use of GranuFlo and/or NaturaLyte. These actions also similarly involve factual questions relating to whether these products were defectively designed or manufactured, whether Fresenius, the manufacturer of these dialysate products, knew or should have known of the alleged propensity of these products to cause injury, and whether it provided adequate instructions and warnings with these products.

---

\* Judge Marjorie O. Rendell and Judge Lewis A. Kaplan took no part in the decision of this matter.

[1] Responding defendants include: Fresenius USA, Inc.; Fresenius USA Manufacturing, Inc.; Fresenius Medical Care Holdings, Inc.; Fresenius USA Marketing, Inc.; and Fresenius USA Sales, Inc.

-2-

Plaintiffs' arguments against transfer rest primarily on the pendency of motions to remand their actions to state court, suggesting that the transferor courts should first decide these motions. We have held repeatedly, however, that a motion for remand alone is generally an insufficient basis to vacate a conditional transfer order.[2] Indeed, we recently rejected virtually identical arguments in support of a motion to vacate a conditional transfer order pertaining to another Central District of California action involving the same remand issues. *See In re Fresenius GranuFlo/NaturaLyte Dialysate Prods. Liab. Litig.,* MDL No. 2428, ECF No. 315 (J.P.M.L. Oct. 2, 2013) (Transfer Order). Plaintiffs can present their motions for remand to the transferee judge. *See, e.g., In re Ivy,* 901 F.2d 7, 9 (2d Cir. 1990); *In re Prudential Ins. Co. of Am. Sales Practices Litig.,* 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, these actions are transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Douglas P. Woodlock for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

Paul J. Barbadoro        Charles R. Breyer
Sarah S. Vance          Ellen Segal Huvelle

I hereby certify on 12/13/13 that the foregoing document is true and correct copy of the
☐ electronic docket in the captioned case
☑ electronically filed original filed on 12/13/13
☐ original filed in my office on _____
Robert M. Farrell
Clerk, U.S. District Court
District of Massachusetts
By: _____
Deputy Clerk

---

[2] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court wishing to rule upon the remand motion generally has adequate time in which to do so.